## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JENNIFER D. VIEIRA,

          Plaintiff,

v.                                    Case No. 6:21-cv-824-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

          Defendant.

_____/

## OPINION AND ORDER[2]

### I.  Status

      Jennifer D. Vieira ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "left broken foot with nerve damage/malformed," "learning disabilities," "depression," and "struggling with learning how to do new tasks." Transcript of Administrative Proceedings

---

[1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 20), filed September 20, 2021; Order (Doc. No. 26), entered January 20, 2022.

(Doc. No. 21; "Tr." or "administrative transcript"), filed September 20, 2021, at 75, 87, 101, 115, 262.

On January 16, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of September 12, 2018.[3] Tr. at 233-39 (DIB), 226-32 (SSI). The alleged onset disability date was later changed for both applications to January 31, 2019. Tr. at 45-46, 335-43. The applications were denied initially, Tr. at 86-97, 98, 130, 135-37 (DIB); Tr. at 74-85, 99, 131, 132-34 (SSI), and upon reconsideration, Tr. at 100-13, 128, 142-47, 148 (DIB); Tr. at 114-27, 129, 149, 150-55 (SSI).

On September 4, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 42-73 (hearing transcript); Tr. at 138-39 (appointment of representative documents). At the time of the hearing, Plaintiff was fifty-one (51) years old. Tr. at 46. On October 27, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 25-37.

---

[3]    Both applications were actually completed on January 16, 2019, see Tr. at 226, 233, but the protective filing date for the applications is listed in the administrative transcript as January 10, 2019, see, e.g., Tr. at 74, 86, 101, 115.

[4]    Plaintiff consented to a telephonic hearing because of the extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. See Tr. at 16-18, 44, 344.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief and three pages of additional medical evidence in support of the request. Tr. at 2, 4-5 (Appeals Council exhibit list and orders), 224-25 (request for review), 346-49 (brief). On March 19, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On May 12, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges "[w]hether the ALJ provided an adequate rationale for evaluating the medical opinions of record pursuant to the five factors set forth in the new regulations when determining a residual functional capacity [('RFC')] for light work." Joint Memorandum (Doc. No. 30; "Joint Memo"), filed February 8, 2022, at 14; see also Plaintiff's Supplemental Memorandum in Reply (Doc. No. 33; "Reply"), filed with permission [5] on February 16, 2022. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[5]     See Endorsed Order (Doc. No. 32), entered February 9, 2022.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 27-37. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 12, 2018, the alleged onset date." Tr. at 27 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; osteopenia; major depressive disorder;

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

post-traumatic disorder; learning disorder; and closed fracture of the left fifth toe." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 27-28 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), with the following additional limitations: [Plaintiff] can lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk for about six hours and sit for up to six hours in an eight hour workday, with normal breaks; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; frequently use moving machinery; and frequently tolerate exposure to unprotected heights. [Plaintiff] is limited to simple and repetitive tasks, in a routine work setting, performed in a work environment free of fast paced production requirements, involving only simple work related decisions, and infrequent and gradual workplace changes. [Plaintiff] can only occasionally interact with the public, co-workers, and supervisors.

Tr. at 30 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a salon attendant." Tr. at 35 (some emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 36-37. After considering Plaintiff's age ("49 years old . . . on the alleged disability onset

5

date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Marker," "Mail Sorter," and "Office Helper." Tr. at 36-37 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from September 12, 2018, through the date of th[e D]ecision." Tr. at 37 (emphasis and citation omitted).

### III.    Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court

to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

In arguing the ALJ erred in evaluating the medical opinions when assessing the RFC, Plaintiff focuses on the ALJ's analysis of the opinion of Todd Gates, D.O., Plaintiff's treating psychiatrist. See Joint Memo at 15-23. The ALJ found Dr. Gates' opinion to have "limited persuasiveness." Tr. at 34. According to Plaintiff, the ALJ relied on portions of the record showing only part of the real picture, failing to account for fluctuation in symptoms. See Joint Memo at 16-19. To the extent the ALJ contrasted Dr. Gates' opinion with opinions of non-examining state agency medical consultants and a one-time examiner, Plaintiff contends it was error to rely on these non-treating opinions because they had limited evidence before them and the examiner only saw Plaintiff once. Id. at 19-21; see also Reply at 2-3. Next, Plaintiff contends the ALJ should not have relied on Plaintiff's activities of daily living in evaluating Dr. Gates' opinion because "even if Plaintiff could do all of these activities occasionally, this does

not translate to an ability to perform full-time competitive work." Joint Memo at 21. Finally, Plaintiff argues the ALJ failed to consider that Dr. Gates is board-certified in psychiatry. Id. at 22-23. Responding, Defendant contends the ALJ adequately evaluated the opinion in accordance with the revised regulations, and the ALJ's findings are supported by substantial evidence. Id. at 23-33.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including

those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [7]

"Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. June 27, 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must]

---

[7]     Plaintiff filed her DIB and SSI applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, at the heart of the issue is Dr. Gates' opinion issued on May 5, 2020. See Tr. at 612-14. After four months of treating Plaintiff, Dr. Gates opined as

---

[8]     When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

follows. Out of sixteen areas addressed regarding mental abilities and aptitudes needed to do unskilled work, Plaintiff is seriously limited in five areas, unable to meet competitive standards in seven areas, has no useful ability to function in two areas, is unlimited or very good in one area, and is limited but satisfactory in one area. Tr. at 612. Out of four areas addressed regarding mental abilities and aptitudes needed to do semi-skilled and skilled work, Plaintiff is seriously limited in two areas and unable to meet competitive standards in two areas. Tr. at 613. Plaintiff is limited but satisfactory in: 1) interacting appropriately with the general public; 2) maintaining socially appropriate behavior; and 3) adhering to basic standards of neatness and cleanliness. Tr. at 613. Plaintiff is seriously limited in traveling in unfamiliar places and using public transportation. Tr. at 613. According to Dr. Gates, Plaintiff's "[d]epression impairs [her] concentrating abilities," and she "cannot focus and concentrate on completing tasks." Tr. at 613. Dr. Gates opined Plaintiff would be absent from work more than four days per month. Tr. at 613.

In the Decision, the ALJ found Dr. Gates' "opinion to have limited persuasiveness." Tr. at 34. In support of this finding, the ALJ stated that it is "not consistent with the opinions of the State agency medical consultants." Tr. at 34. "Additionally," continued the ALJ, "this opinion is not entirely with [sic] [Plaintiff's] reported activities of daily living or treatment course." Tr. at 34. The ALJ went on to observe that Dr. Gates' opinion "is also not entirely

consistent with the longitudinal evidence of record," specifically referring to "findings that she had intact cognitive functioning and her intellect was average," as well as "findings that her cognitive functions were intact, she had excellent insight, and she was without auditory or visual hallucinations." Tr. at 34 (citing Exs. 8F at 2 (Tr. at 606), 12F at 1 (Tr. at 623)).

The ALJ adequately addressed Dr. Gates' opinion under the revised Regulations, and the ALJ's findings are supported by substantial evidence. First, the ALJ found Dr. Gates' opinion was "not consistent with the opinions of the State agency medical consultants." This is likely a reference to the non-examining consultants, both of whom (the ALJ recognized) found Plaintiff to have "nonsevere" mental impairments. Tr. at 34; see Tr. at 78-80, 106-08. The inconsistency between Dr. Gates' assigned limitations and these opinions is obvious.[9] To the extent the ALJ was referring to the consultative examiner, William Eyring, Psy.D., he found Plaintiff to have intact ability to understand and remember simple instructions; to have intact ability to attend and follow through on complex tasks (with possible mild impairment); and to have mild impairment in interacting effectively with others, making judgments, and

---

[9]     The ALJ did not accept these state agency opinions, instead finding them "partially persuasive" because "the longitudinal evidence of record support[s] that [Plaintiff] has 'severe' mental impairments." Tr. at 34. This finding is supported by substantial evidence.

responding to day-to-day stress. Tr. at 424. Again, the inconsistency between these findings and Dr. Gates' findings is obvious.[10]

Second, the ALJ's finding about Plaintiff's self-reported daily activities being in conflict with Dr. Gates' opinion is supported by the administrative transcript. See, e.g., Tr. at 423 (Plaintiff's self-report to consultative examiner Dr. Eyring of driving, maintaining close friendships, attending children's activities, washing dishes and doing laundry with breaks), 296-303 (Plaintiff's function report discussing mainly physical limitations and issues with concentration and nerves). Third, the ALJ's finding about the longitudinal evidence not supporting the limitations assigned by Dr. Gates is also supported by substantial evidence. Plaintiff contends the ALJ inappropriately relied on one or two good examination findings, but the ALJ's Decision on the whole reflects adequate consideration of all of the mental functioning evidence. See Tr. at 32-33. As far as Plaintiff's assertion that the ALJ did not discuss all of the factors in the revised Regulations, this is not required. See 20 C.F.R. § 404.1520c(b)(2). The most important factors of supportability and consistency were adequately explained. See id.

---

[10]     The ALJ found Dr. Eyring's opinion to be "partially persuasive" due to its "general[] consisten[cy] with the opinions of the State agency medical consultants, [Plaintiff's] activities of daily living, and the consultative examination findings" but did not adopt it "verbatim because it is based on only a snapshot of [Plaintiff's] functioning and was not able to consider the entirety of the evidence." Tr. at 35. The ALJ's reasoning is supported by substantial evidence.

### V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 1, 2022.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record